IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS,

                 Plaintiff,                             ORDER

      v.                                        10-cv-509-bbc

RICK RAEMISCH, WARDEN GRAMS
and JUDGE RICHARD G. NIESS,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint and paid the $350 filing fee. After considering plaintiff's complaint, I conclude that he is attempting to combine civil claims that should be brought under 42 U.S.C. § 1983 and claims that belong in a habeas corpus action. I will give plaintiff a chance to choose which type of lawsuit he wishes to pursue.

The following facts are taken from plaintiff's complaint and the public record of his previous criminal case:

1

ALLEGATIONS OF FACT

On May 4, 2006, defendant Judge Richard Niess revoked plaintiff's probation on a charge of kidnapping or confining without consent and sentenced him to 12 years of imprisonment. The judgment of conviction erroneously showed a habitual criminal enhancer. Plaintiff immediately alerted Niess, defendant Warden Grams and defendant Rick Raemisch, Secretary of the Wisconsin Department of Corrections, but they ignored him.

In October 2008, while plaintiff's judgment of conviction still showed the erroneous enhancer, he was denied parole. Plaintiff was also given a higher security level in prison and given "numerous clinical recommendations" because of the enhancement.

Plaintiff spent thousands of dollars trying to get the judgment corrected. The erroneous enhancement remained on the judgment until May 5, 2010, when Niess issued an amended judgment. However, Niess refused to order Grams or Raemisch to correct plaintiff's prison records to show this amendment.

Defendants Grams and Raemisch refuse to provide plaintiff a new parole hearing now that the judgment has been corrected and have failed to insure that plaintiff's prison records contain the correct information. Plaintiff has suffered physical pain, psychological problems and financial losses as a result of having the erroneous information on his judgment of conviction.

DISCUSSION

Plaintiff has styled his pleading as a complaint under 42 U.S.C. § 1983, but it is unclear whether he truly wishes to pursue that type of case. Some of the remedies he seeks are the types of remedies recoverable in a § 1983 action (monetary damages, placement in a different security level), but he also seeks a new parole hearing, which is a claim that must be brought in a habeas corpus action. (Also, plaintiff appears to be saying that the length of his sentence was incorrect because of the erroneous sentence enhancement. This claim would also have to be brought in a habeas action.) Plaintiff cannot bring § 1983 claims and habeas claims in the same action.

Therefore, I will give plaintiff a chance to explain whether he would like to proceed with a habeas corpus action or a civil rights action under § 1983. Plaintiff will have until December 14, 2010 to file an amended pleading in this case setting out either (1) his claims challenging the length of his custody; or (2) his claims for monetary and injunctive relief. If plaintiff would like to pursue both types of relief, he may do so only by pursuing them in two separate lawsuits. Because plaintiff has already submitted the $350 filing fee for this action, he would need to submit only a $5 filing fee for his habeas action in order to pay for both lawsuits. If he chooses this option, he will have until December 14, 2010 to file two separate pleadings, one for the habeas action and one for the § 1983 action, and a new case number will be opened for his second lawsuit. Should plaintiff fail to file an amended

3

pleading by December 14, 2010, I will direct the clerk of court to close the case for plaintiff's failure to prosecute it.

ORDER

IT IS ORDERED that plaintiff Nathan Gillis has until December 14, 2010 to file an amended pleading in this case setting out either (1) his claims challenging the length of his custody; or (2) his claims for monetary and injunctive relief. If plaintiff wishes to pursue both lawsuits, he must submit new pleadings for both lawsuits along with a $5 filing fee for his habeas corpus action by December 14, 2010. Should plaintiff fail to file an amended pleading by December 14, 2010, the clerk of court will be directed to close the case for plaintiff's failure to prosecute it.

Entered this 22d day of November, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4