IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS,

                Plaintiff,                      ORDER

      v.                                      10-cv-509-bbc

RICK RAEMISCH, WARDEN GRAMS
and JUDGE RICHARD G. NIESS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint and paid the $350 filing fee. In a November 22, 2010 order, I noted that plaintiff was seeking in his proposed complaint remedies that were recoverable in a § 1983 action (monetary damages, placement in a different security level), and remedies that were recoverable in a habeas corpus action (a new parole hearing, a corrected sentence length). Because it was unclear whether plaintiff sought to pursue a § 1983 action or a habeas action, I directed him to respond, explaining which type of case he wished to pursue. Now plaintiff has responded, indicating that he wishes to

1

pursue his § 1983 remedies. Therefore I will screen his complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915A. After screening plaintiff's complaint, I conclude that his claims against defendant Judge Richard Niess must be dismissed because defendant Niess is entitled to judicial immunity from these claims. Further, I conclude that plaintiff's allegations against defendants Rick Raemisch and Warden Grams violate Fed. R. Civ. P. 8, but I will give plaintiff a chance to file an amended complaint detailing his claims against those defendants more clearly.

The following facts are taken from plaintiff's complaint and the public record of his previous criminal case.

## ALLEGATIONS OF FACT

On May 4, 2006, defendant Judge Richard Niess revoked plaintiff's probation on a charge of kidnapping or confining without consent and sentenced him to 12 years of imprisonment. The judgment of conviction erroneously showed a habitual criminal enhancer. Plaintiff immediately alerted Niess, defendant Warden Grams and defendant Rick Raemisch, Secretary of the Wisconsin Department of Corrections, to the error, but they ignored him.

Because plaintiff's judgment of conviction showed the erroneous enhancer, he was given a higher security level in prison and given "numerous clinical recommendations."

2

Plaintiff spent thousands of dollars trying to get the judgment corrected. The erroneous enhancement remained on the judgment until May 5, 2010, when Niess issued an amended judgment. However, Niess refused to order Grams or Raemisch to correct plaintiff's prison records to show this amendment.

Defendants Grams and Raemisch have failed to insure that plaintiff's prison records contain the correct information. Plaintiff has suffered physical pain, psychological problems and financial losses as a result of having the erroneous information on his judgment of conviction.

## DISCUSSION

I understand plaintiff to be bringing claims against defendant Niess for signing an incorrect judgment of conviction, failing to correct the judgment for four years and failing to order defendants Grams and Raemisch to correct plaintiff's prison records. However, plaintiff cannot raise any claims in a civil lawsuit against defendant Niess concerning the judgment of conviction. The doctrine of judicial immunity establishes that judges have absolute immunity from liability for their judicial acts, whether the liability arises from a mistake or even from malicious or corrupt conduct. Mireles v. Waco, 502 U.S. 9 (1991). This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, which has an interest in a judiciary free to exercise its function without

3

fear of harassment by unsatisfied litigants. Pierson v. Ray, 386 U.S. 547, 554 (1967). In this case, defendant Niess's issuance of the judgment of conviction, even if incorrect, was a judicial act for which he is entitled to absolute immunity. His alleged delay in correcting the judgment and his refusal to issue a court order forcing the Department of Corrections to update plaintiff's file are judicial actions as well.

As for defendants Grams and Raemisch, I understand plaintiff wants to bring a due process claim against them for placing him in a higher security level and giving him "numerous clinical recommendations" despite knowing that his judgment of conviction was erroneous. However, his complaint does not provide enough detail to tell whether he has stated a claim upon which relief may be granted.

A procedural due process claim against government officials requires proof of inadequate procedures as well as interference with a liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). In the absence of a protected liberty or property interest, "the state is free to use any procedures it chooses, or no procedures at all." Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001). Therefore, the first question in any due process analysis is whether a protected liberty or property interest of plaintiff has been infringed.

In the prison context, liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and

4

significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). For instance, being placed in disciplinary segregation for a significant period of time might implicate a liberty interest. Marion v. Columbia Correctional Institution, 559 F.3d 693 (7th Cir. 2009). Other punishments may not implicate a liberty interest. Hoskins v. Lenear, 395 F.3d 372, 374-75 (7th Cir. 2005) (prisoner not entitled to process for discipline of two months' segregation, loss of prison job, loss of privileges and transfer).

In their present state, plaintiff's allegations are too vague to tell whether being placed in a higher security level or being given "numerous clinical recommendations" could implicate a liberty interest. Fed. R. Civ. P. 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Unfortunately, plaintiff's complaint violates Rule 8 by failing to provide any details of how the alleged errors by defendants actually changed his conditions of confinement, Therefore, I will dismiss plaintiff's complaint as to defendants Grams and Raemisch, but give plaintiff a chance to file an amended complaint in which he explains how the conditions of his confinement were changed when he was given a higher security level and clinical recommendations. In particular, he should explain:

- What security level he was placed in, what security level he believes is correct and how they are different.

- What "clinical recommendations" he was given and what happened to him as a

5

result of being given these recommendations.

- How he brought the amended judgment to defendants' attention and how they responded.
- How he suffered physical pain, psychological problems and financial losses from defendants' actions.

ORDER

IT IS ORDERED that

1. Plaintiff Nathan Gillis's claims against defendant Richard Niess are DISMISSED for failure to state a claim upon which relief may be granted. The complaint is DISMISSED as to defendant Niess and he is dismissed from the lawsuit.

2. Plaintiff's complaint is DISMISSED as to his claims against defendants Rick Raemisch and Warden Grams.

3. Plaintiff may have until January 31, 2011 to file an amended complaint that complies with Fed. R. Civ. P. 8.

Entered this 10th day of January, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge