IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN GILLIS,

               Plaintiff,                                  ORDER

     v.                                                    10-cv-509-bbc

RICK RAEMISCH, WARDEN GRAMS
and JUDGE RICHARD G. NIESS,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this lawsuit, plaintiff Nathan Gillis, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, alleged that he was given a higher security level in prison and given "numerous clinical recommendations" because his original judgment of conviction erroneously included a habitual criminal enhancer.

     In a January 10, 2011 order, I dismissed plaintiff's complaint under Fed. R. Civ. P. 8 as it pertained to defendants Warden Grams and Rick Raemisch because plaintiff failed to provide any details of how their alleged acts changed his conditions of confinement, which would be necessary to sustain a due process claim against them. (Plaintiff's claims against

1

the other defendant, Judge Richard Niess, were dismissed for failure to state a claim upon which relief could be granted.) In a March 7, 2011 order, I dismissed plaintiff's amended complaint for the same reason, stating as follows:

> Unfortunately, [plaintiff's] allegations remain extremely vague, making it impossible to determine whether plaintiff has a due process claim. For instance, plaintiff does not explain what type of segregation he is in (administrative or disciplinary), his conditions of confinement there or why he was placed in segregation (purely because of the enhancer, because he committed a disciplinary infraction or some other reason). Plaintiff states that he was told that "CCI-Clinical can make any recommendations according to the federal law," but he does not explain what this means—perhaps it is that clinical staff have used the enhancer in making decisions about plaintiff's placement in segregation or a clinical program, but he does not say whether this is so.
>
> Plaintiff's claim that he was denied parole is similarly vague. He states that he was "denied parole" but then that he "believes a lower security [level] would have allowed [him] to pursue freedom/release from prison sooner." Plaintiff does not explain whether he has been denied parole at an actual parole hearing or whether he is being denied the opportunity to seek parole because of the enhancer.
>
> Accordingly, I will dismiss plaintiff's amended complaint under Rule 8 and give plaintiff a final chance to provide more detailed factual allegations about what has happened to him in prison because of the erroneous habitual criminal enhancer. Plaintiff will have until March 28, 2011 to submit a second amended complaint providing more details about the problems discussed above. He should try to present his allegations as if he were explaining the events that happened to him to someone who knows nothing about the case. Should plaintiff's new amended complaint fail again to make out allegations that satisfy Rule 8, I will dismiss his claims with prejudice.

Now plaintiff has filed a second amended complaint. Once again, plaintiff's pleading goes

2

into detail about how his original judgment of conviction erroneously included a habitual criminal enhancer, but it contains only the following paragraph concerning how defendants Grams's and Raemisch's actions changed his conditions of confinement:

> As a result of [plaintiff's] judgment of conviction carrying this additional charge of habitual criminality, for which [plaintiff] was never convicted or sentenced for due process violation(s); and the fact that charge remained on [plaintiff's] judgment of conviction for 4 years caused numerous problems for [plaintiff] related to custody levels, denial of parole, numerous recommendations from clinical services, financial losses.

For the third time, plaintiff has failed to give defendants notice of how their alleged actions changed plaintiff's conditions of confinement. Even plaintiff's newest allegations leave it unclear whether he can state a claim upon which relief can be granted. He again fails to explain what custody level he is in, his conditions of confinement there or how "clinical recommendations" have affected his conditions of confinement. I warned plaintiff in the last order that this was the last chance he had to submit a complaint that satisfies Rule 8, or this case would be dismissed with prejudice.

Courts are empowered to dismiss excessively wordy or confusing complaints when such complaints "make[] it difficult for the defendant to file a responsive pleading and make[] it difficult for the trial court to conduct orderly litigation." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994). Because plaintiff has failed in his three chances to submit a claim that complies with Rule 8, I will dismiss the case with

3

prejudice.

ORDER

IT IS ORDERED that the second amended complaint of plaintiff Nathan Gillis, dkt. #11, is DISMISSED with prejudice. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 26th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

Case: 3:10-cv-00509-bbc Document #: 13 Filed: 04/26/11 Page 4 of 4